UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH JARRETT-COOPER, *et al.*,

    Plaintiffs,

v.                                                CASE NO.  11-13674
                                                HON. LAWRENCE P. ZATKOFF

UNITED AIRLINES, INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR RELIEF FROM JUDGMENT

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' motions for reconsideration [dkt 21] and for relief from judgment [dkt 22].  Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion for reconsideration is not permitted.  Although a response to Plaintiffs' motion for relief from judgment has not been submitted, the Court finds that no response is necessary given the procedural defects of the motion.  As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motions and briefs such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.  For the reasons set forth below, Plaintiffs' motions are DENIED.

### II. BACKGROUND

Plaintiffs' motions challenge the Court's February 1, 2012, Order in which the Court denied Plaintiffs' motion to remand [dkt 18].  In its February 1, 2012, Order, the Court held that the injunctive relief sought by Plaintiffs in this case exceeded the jurisdictional amount of

$75,000 required in the federal courts. The Court found that requiring Defendant United Airlines, Inc. ("United") to notify the booking agent, cardholder and passenger before canceling any of its roughly 178,000 daily tickets would constitute a significant undertaking, resulting in compliance costs exceeding $75,000, irrespective of the monetary damages sought by Plaintiffs. This was supported by a declaration submitted to the Court by a United ticket fraud investigator stating that the changes sought by Plaintiffs would cost United in excess of $75,000.

### III. LEGAL STANDARD

**A. MOTION FOR RECONSIDERATION**

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

**B. MOTION FOR RELIEF FROM JUDGMENT**

On motion and just terms, a court may relieve a party or its legal representative from a *final* judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## IV. ANALYSIS

### A. MOTION FOR RECONSIDERATION

Plaintiffs' motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Plaintiffs' motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). Notwithstanding Plaintiffs' failure to adequately support their Motion, the Court will nevertheless briefly address Plaintiffs' arguments.

*1. Plaintiffs' Claims of New "Evidence"*

Plaintiffs claim that new "evidence" recently discovered warrants reconsideration of the Court's denial of remand in this case. The new "evidence" Plaintiffs refer to is a statement allegedly made by Defendant's Counsel. According to Plaintiffs' Counsel, he spoke to Defendant's Counsel after Plaintiffs' motion to remand became fully briefed. During that conversation, Plaintiffs' Counsel claims that Defendant's Counsel advised that the tickets in question were not cancelled due to "suspected credit card fraud," as claimed by United, but rather because the email used by Plaintiff Exclusive Events ("Exclusive") to book the tickets was

"flagged" by United. Plaintiffs then theorize that because the cancellations were due only to the "flagged" email, United could comply with an injunction quite easily by merely removing the "flag." This, according to Plaintiffs, proves that United's cost of complying with an injunction would be insignificant, and thus fails to establish the jurisdictional minimum.

Plaintiffs' argument, however, is flawed for a variety of reasons. First, jurisdiction is determined as of the time of removal, and events occurring after removal that reduce the amount in controversy do not oust jurisdiction. *Rogers v. Wal-Mart Stores*, Inc., 230 F.3d 868, 872 (6th Cir. 2000). As Defendant's Counsel's alleged statements were made after removal, the Court need not consider the statements in determining whether jurisdiction existed at the time of removal.

Second, even if the Court considered the alleged statements, and even if such statements were true, the Court's Order would remain unchanged. Plaintiffs summarily conclude that it would be simple for United to purge its system of whatever information has caused Exclusive's email to be "flagged." While that may or may not be true, Plaintiffs overlook the allegations set forth in their own papers—Plaintiffs did not seek redress and injunctive relief merely with respect to Exclusive. Rather, Plaintiffs state that:

> While all Plaintiffs seek damages as one form of relief, the primary objective of the suit is to obtain injunctive relief to prevent United [sic] continued cancellation of tickets purchased for future flights by or on behalf of any Plaintiff (or clients of Plaintiff Exclusive Events) based upon false, erroneous, or pretextual reasons, and further precluding United from any such ticket cancellations without first making reasonable inquiries of the booking agent, cardholder(s) and issuing financial institutions. **Plaintiffs also submit that the defendant should be precluded from cancellation of any tickets without notifying the booking agent, cardholder and passenger involved.**

As such, Plaintiffs seek to alter United's business operations with respect to ticket cancellation and fraud to prevent United from cancelling *any* airline ticket without first notifying the booking

4

agent, cardholder, and passenger associated with that ticket. Whether or not United cancelled Exclusive's bookings solely on account of its allegedly "flagged" email address has no bearing on this broad relief that Plaintiffs are requesting. Thus, Plaintiffs' argument for reconsideration based on Defendant's Counsel's alleged statements must fail.

*2. Aggregation*

Plaintiffs also challenge the Court's aggregation of Plaintiffs' claims in calculating the amount in controversy. The Court finds this argument equally unpersuasive. First, the Court, in its February 1, 2012, Order, noted that irrespective of the monetary damages sought, the injunctive relief alone would have exceeded $75,000:

> Given the size of United and its worldwide scope of operations, it is "more likely than not" that **requiring United to notify the booking agent, cardholder, and passenger, before canceling any ticket would constitute a significant undertaking, resulting in compliance costs exceeding $75,000.**

Dkt. 18 at 7 (emphasis added). As such, Plaintiffs' argument must fail.

Nevertheless, aggregation for jurisdictional purposes is permissible when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest. *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). Here, in Plaintiffs' own words, the "primary objective" of the case is the injunctive relief. The injunctive relief sought by all Plaintiffs stems from a common cause—United's business practices with respect to ticket cancellation and fraud. Thus, Plaintiffs seek to enforce a right in which they have a common and undivided interest—the alleged right to be free from United's damaging business practices. As such, aggregating Plaintiffs' claims is appropriate for jurisdictional purposes.

**B. MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)**

Defendant has also filed for Relief from Judgment under Fed. R. Civ. P. 60(b). Under Rule 60(b), the Court may, under certain circumstances, relieve a party or its legal representative

from a *final* judgment, order, or proceeding. Fed. R. Civ. P. 60(b) (emphasis added). A final judgment is one that disposes of all claims against all parties, *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009), and is one by which a "district court disassociates itself from a case" either formally, *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 604–05 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)), or practically. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713–14 (1996) (finding an order functionally indistinguishable from a final judgment when it put the litigants effectively out of federal court); *see also,* Advisory Committee Notes on Fed. R. Civ. P. 60(b) ("[I]nterlocutory judgments are not within the restrictions of [Rule 60(b)], but rather are subject to the complete power of the court that rendered them to afford such relief from them as justice requires.").

The Court finds that Plaintiffs' Rule 60(b) Motion is procedurally flawed. The February 1, 2012, Order denying Plaintiffs' motion to remand was not final, has not disposed of all claims against all parties, and is not one by which the Court has dissociated itself from this case. Conversely, the Court's February 1, 2012, Order affirms its association with this case by finding that the jurisdictional amount has been satisfied. The Court will therefore deny the Rule 60(b) Motion.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration [dkt 21] and motion for relief from judgment [dkt 22] are DENIED.

    IT IS SO ORDERED.

Date:  February 16, 2012                                                  s/Lawrence P. Zatkoff
                                                                                                      LAWRENCE P. ZATKOFF
                                                                                                      UNITED STATES DISTRICT