UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH JARRETT-COOPER, EXCLUSIVE
EVENTS & ACCOMODATIONS, L.L.C.,
BYRON TRICE, DELICIA JACKSON,
URBAN PLAYS LLC, and ANGELA
BARROW

    Plaintiffs,

v.

    Case No. 11-13674
    Hon. Lawrence P. Zatkoff

UNITED AIR LINES, INC.,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 11, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Dismiss without Prejudice [dkt 27]. Defendant has filed a response in opposition to Plaintiffs' Motion, to which Plaintiffs have not replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion to Dismiss is DENIED.

## II. BACKGROUND

A. FACTUAL BACKGROUND

Plaintiff Exclusive Events & Accommodations, LLC ("Exclusive") is an entertainment tour support service that arranges travel accommodations for its various clients. Exclusive is owned and operated by Plaintiff Ruth Jarrett-Cooper ("Jarrett-Cooper"). Among Exclusive's clients are Plaintiff Katrina Taylor ("Taylor"), a songwriter, and members of her support staff, Plaintiffs Byron Trice ("Trice") and Delicia Jackson ("Jackson").

Plaintiffs claim that on or about June 24, 2011, Exclusive booked flights for Taylor, Trice, and Jackson for travel accommodations in connection with Taylor's performances in Florida, Georgia, and Nevada. Plaintiffs claim that after a performance by Taylor in Las Vegas, she, Trice and Jackson sought to return to their respective homes before resuming Taylor's tour schedule. Plaintiffs contend that on or about June 24, 2011, Exclusive purchased tickets for Trice and Taylor to fly from Las Vegas to Atlanta on July 5, 2011 using Defendant United Airlines ("United"). Jarrett-Cooper's debit card was charged a total of $645.80 for these two tickets.

On June 24, 2011, Exclusive received an email confirmation from United, confirming Trice and Jackson's tickets. On June 28, 2011, United sent Exclusive an email titled "United Pre-Flight Notification." According to Plaintiffs, this email served as a reminder of the upcoming flight and provided various standard instructions regarding air travel.

Plaintiffs claim that Trice and Jackson timely arrived at the airport in Las Vegas on July 5, 2011. When attempting to check in, however, Plaintiffs claim that they were told that their tickets had been cancelled due to suspected credit card fraud.

Plaintiffs also claim a similar occurrence with respect to Plaintiff Angela Barrow ("Barrow"). Barrow is a playwright and executive producer of theatrical productions presented at venues throughout North America. She is also the owner and operator of Plaintiff Urban

Plays, L.L.C. ("Urban"). Barrow and Urban are clients of Exclusive. Plaintiffs claim that in July of 2011, after committing to perform one of her plays in Toronto, Ontario, Barrow contacted Exclusive requesting travel arrangements for all members of the stage production for August 11 and 12, 2011. On July 6, 2011, Exclusive booked flights for two actors in the play using United. The tickets were purchased using Urban's debit card, the numbers for which Exclusive had on file from similar, previous transactions. The cost of the two tickets totaled $1,174.26. Similar to the transaction with Trice and Jackson, Plaintiffs contend that Exclusive received email confirmation of the ticket purchases and forwarded the confirmation to Urban.

In early August, 2011, Urban advised Exclusive that the performance in Toronto would be rescheduled from August 12, 2011, to September 2, 2011. Urban requested that Exclusive change the previously made travel arrangements accordingly. According to Jarrett-Cooper, when she attempted to change the two tickets purchased from United, she was told that the tickets had been cancelled on August 7, 2011. Jarrett-Cooper claims that she was not told the reason for the cancellation because she was not the holder of the debit card with which the reservations were booked. Jarrett-Cooper further claims that she contacted Urban and discovered that it was not informed of the cancellations and, as of that date, was not refunded for the tickets.

Plaintiffs filed suit in Oakland County Circuit Court claiming damages as a result of United's alleged improper, unilateral, and undisclosed cancellation of the tickets booked for Trice, Jackson, and Urban. Plaintiffs also seek injunctive relief to prevent the alleged cancellations without cause or notice from continuing in the future. United's Answer acknowledges only that the tickets in question were cancelled due to suspected credit card fraud. United denies liability resulting from the events discussed above and asserts various affirmative

defenses.

B. PROCEDURAL BACKGROUND

On September 1, 2011, Plaintiffs' filed a Motion to Remand, which the Court denied. Plaintiffs' then filed Motions for Reconsideration and Relief from Judgment on February 9, 2012, both of which regarded Plaintiffs' denied Motion to Remand. The Court denied Plaintiffs' Motions for Reconsideration and Relief from Judgment on February 16, 2012. Plaintiffs subsequently filed the instant Motion on March 15, 2012, seeking to voluntarily dismiss this case so as to pursue separate actions in state court.

### III. LEGAL STANDARD

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2) The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the trial court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of requiring court approval is to protect the nonmoving party from unfair treatment. *See Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). Generally, it will be an abuse of the trial court's discretion to grant a motion under Rule 41(a)(2) where the dismissal results in "plain legal prejudice." *See id.* In determining whether a defendant would be prejudiced by a voluntary dismissal, the Court considers "such factors as the defendant's effort and expense and preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

### IV. ANALYSIS

The Court finds that dismissing Plaintiffs' claims would result in "plain legal prejudice"

to Defendant. First, Defendant has exerted significant "effort and expense" thus far in this case. Defendant states, and Plaintiff does not dispute, that it has expended more than $40,000 in legal fees in defending against Plaintiffs' three separate attempts at defeating the Court's jurisdiction. Although Plaintiffs have not displayed any excessive delay or lack of diligence in prosecuting this action, they have provided insufficient explanation for the need for dismissal. Plaintiffs state only that they wish to proceed in separate actions in state court, so that their actions "can be litigated much more promptly and at far less expense." Plaintiffs' desire "to [not] proceed in the federal court" does not defeat Defendant's right to remove. Further, Plaintiffs do not discuss how litigating several different claims, in several different cases, in (presumably) several different forums, would result in more prompt and less expensive litigation than would litigating the claims together in this Court. Additionally, Plaintiffs state that they "have evidence and other information available to them now, which was not available to them when the suit was originally filed" and "[h]ad they known of the aforementioned evidence prior to filing the suit, they could have structured their suit(s) in a way which could have avoided removal[.]" Despite this claim, Plaintiffs have failed to discuss exactly what this "new evidence" is, or why the Court should consider it in granting Plaintiff's motion.

Last, although Defendant has thus far not filed a motion for summary judgment, it has responded to three separate motions filed by Plaintiff—all of which sought the same effect as Plaintiffs' instant motion. Defendant has spent roughly $40,000 responding to these motions, and because the motions all dealt with the Court's subject-matter jurisdiction over Plaintiffs' claims, Defendants' work-product, time, and effort would be largely inapplicable in Plaintiffs' purported state court actions.

As such, the Court finds that dismissing Plaintiffs' claims under Fed. R. Civ. P 41(b)(2)

5

would result in plain legal prejudice to Defendant.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiffs' Motion to Dismiss without Prejudice [dkt 27] is DENIED.

IT IS SO ORDERED.

Date:   April 11, 2012

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
U.S. DISTRICT JUDGE