**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RUTH JARRETT-COOPER, EXCLUSIVE
EVENTS & ACCOMODATIONS, L.L.C.,
BYRON TRICE, DELICIA JACKSON,
URBAN PLAYS LLC, and ANGELA
BARROW

    Plaintiffs,

                                                          Case No. 11-13674
v.                                                    Hon. Lawrence P. Zatkoff

UNITED AIR LINES, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 4, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on three interrelated motions: Plaintiffs' Motion for Reconsideration of the Court's Order denying Plaintiff's Motion for Voluntary dismissal (hereinafter "Motion for Reconsideration") [dkt 38]; Defendant's Motion for Leave to file a response to Plaintiffs' Motion for Reconsideration [dkt 40]; and Plaintiffs' Motion for Protective Order staying discovery until the Court rules on Plaintiffs' Motion for Reconsideration [dkt 46]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response to Plaintiffs' Motion for Reconsideration is permitted. With respect to Defendant's Motion for Leave and Plaintiff's Motion for Protective Order, no responses have been filed and such responses are unnecessary in light of this Order.

The Court finds that the facts and legal arguments are adequately presented in the parties'

papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is DENIED; Defendant's Motion for Leave is DENIED as moot; and Plaintiffs' Motion for Protective Order is DENIED as moot.

## II. BACKGROUND

On August 23, 2011, Defendant removed this case to this Court from the Oakland County Circuit Court, based on diversity. On September 1, 2011, Plaintiffs filed a Motion to Remand, challenging the Court's subject matter jurisdiction over this case. The Court denied the Motion. Plaintiffs then filed a Motion for Reconsideration and a Motion for Relief from Judgment on February 9, 2012, both in regard to the Court's Order denying Plaintiffs' Motion to Remand. The Court denied both motions on February 16, 2012.

On March 15, 2012, Plaintiffs again sought to defeat the Court's jurisdiction over this case by filing a Motion to voluntarily dismiss the case so as to allow Plaintiffs to pursue separate actions in state court. Defendant opposed this motion on the basis that it had already expended in excess of $40,000 in defending against Plaintiffs' jurisdictional challenges. The Court denied Plaintiffs' motion for voluntary dismissal.

On April 25, 2012, Plaintiffs filed a Motion for Reconsideration, challenging the Court's denial of their Motion for Voluntary Dismissal—yet another attempt to defeat the Court's subject matter jurisdiction. On May 14, 2012, Defendant filed a Motion for Leave to file a response to Plaintiffs' Motion for Reconsideration, a Motion to Compel Discovery, and a Motion for Sanctions against Plaintiffs. On May 22, 2012, Plaintiffs responded to Defendant's Motion to Compel Discovery, and also filed a Motion for Protective Order seeking to stay discovery while

the Court reviews Plaintiffs' Motion for Reconsideration. As noted, this Order addresses Plaintiffs' Motion for Reconsideration, Defendant's Motion for Leave to Respond, and Plaintiffs' Motion for Protective Order.

### III. LEGAL STANDARD

Local Rule 7.1(h)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### IV. ANALYSIS

Plaintiffs' several motions have all sought to defeat the Court's subject matter jurisdiction over this case. Despite Plaintiffs' ancillary and tenuous claims offered in support of this goal, the fact remains that the Court does indeed have subject matter jurisdiction over this case—the parties are diverse, and the amount in controversy, which includes the broad injunctive relief sought by Plaintiffs, exceeds $75,000. Nevertheless, the Court will briefly address the pending motions.

**A. MOTION FOR RECONSIDERATION**

On April 11, 2012, the Court entered an order denying Plaintiffs' motion to voluntarily dismiss this case pursuant to Fed. R. Civ. P. 41(a)(2). In reaching its decision, the Court concluded that allowing Plaintiffs, at this stage of the litigation, to voluntarily dismiss this case

3

and re-file several different cases in state courts would result in plain legal prejudice to Defendant. The Court took note of the fact that Defendant has expended significant costs in defending against Plaintiffs' several attempts at defeating the Court's subject matter jurisdiction—expenses that would become wholly irrelevant in Plaintiffs' purported state court cases.

In their Motion for Reconsideration, Plaintiffs contend that Defendant's "claim that it has incurred $40,000 in legal fees . . . is preposterously exaggerated," while also taking issue with the Court's reliance on these claimed expenses in finding "plain legal prejudice." The Court notes, however, that in no way did the Court make a finding of fact as to the exact amount of fees thus far expended by Defendant in this case. It is, however, undeniable that Defendants have expended significant fees thus far in defending Plaintiffs' several attempts at defeating the Court's jurisdiction. The Court merely pointed to the fact that Defendant has claimed fees in excess of $40,000 in this case and Plaintiffs never questioned this amount prior to their Motion for Reconsideration. This is not a "palpable defect by which the Court and the parties have been misled," let alone "obvious, clear, unmistakable, manifest, or plain."

Plaintiffs also contend that this Court misapplied case law in denying Plaintiffs' motion for voluntary dismissal. Plaintiffs argue that the Court misconstrued the four factors set forth in *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994), by considering Defendant's effort and expense in defending against Plaintiffs' motions. According to Plaintiffs, Defendant's fees thus far expended were with respect to jurisdictional matters, not the merits of the case, and were therefore not within the scope of the four factors discussed in *Grover*. Plaintiffs' arguments are misplaced at best.

Upon addressing whether plain legal prejudice would result to Defendant if Plaintiffs are

4

allowed to voluntarily dismiss this case, the Court was well within its discretion in considering Defendant's costs in responding to Plaintiffs' attempts at defeating jurisdiction. Although not done in preparation for trial, Defendant was compelled to respond to Plaintiffs' motions and accordingly filed detailed and thorough response briefs. As the Court previously noted, Defendant's costs would be wholly irrelevant were Plaintiffs allowed to voluntarily dismiss their claims and re-file in state courts. *See Rosenthal v. Bridgestone/Firestone*, No. 05–4451, 217 F. App'x 498, 502 (6th Cir. Feb.16, 2007) (finding that the district court did not abuse its discretion by considering work that could not be transferred to the state court action); *see also Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005) (finding that dismissal without prejudice was warranted, based in part on "the ability of the parties to use discovery in the new case"). Unlike in *Rosenthal* and *Baeke*, Defendant's costs in this case would be inapplicable in subsequent state court cases, since the work thus far expended by Defendant's counsel addresses jurisdictional matters relevant only to this Court.

Plaintiffs also fail to consider that the four *Grover* factors need not be resolved in Defendant's favor. The factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal*, 217 F. App'x at 502 (citing *Kovalic v. DEC Intern, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) (quotations omitted)). The *Grover* factors are not an exclusive or mandatory list, *id*. (citing *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997)), and the Court "need not analyze each factor or limit their consideration to these factors." *Id*. (quoting *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). Thus the Court was entirely within its discretion to consider Defendant's costs in defending against Plaintiff's efforts at defeating jurisdiction.

In short, Plaintiff disagrees with the Court's findings, but offers nothing to conclude that

5

the Court's opinion and order contained an obvious, clear, unmistakable, manifest, or plain error. Moreover, Plaintiffs have not shown that correcting any alleged defect will result in different disposition in this case.

### B. DEFENDANT'S MOTION FOR LEAVE AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Given that the Court finds that Plaintiffs have not set forth sufficient grounds for reconsideration of the Court's Order denying Plaintiffs' voluntary dismissal, the remaining motions—Defendant's Motion for Leave to file a response and Plaintiffs' Motion for Protective Order—are thus rendered moot.

### V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [dkt 38] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to file a response to Plaintiff's Motion for Reconsideration [dkt 40] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Protective Order [dkt 46] is DENIED as moot.

IT IS SO ORDERED.

Date:    June 4, 2012

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
U.S. DISTRICT JUDGE