# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RUTH JARRETT-COOPER, EXCLUSIVE
EVENTS & ACCOMODATIONS, L.L.C.,
BYRON TRICE, DELICIA JACKSON,
URBAN PLAYS LLC, and ANGELA
BARROW

    Plaintiffs,

                                                       Case No. 11-13674

v.                                                         Hon. Lawrence P. Zatkoff

UNITED AIR LINES, INC.,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 11, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Dismissal under Fed. R. Civ. P. 37(b)(2), 37(d), and 41(b) or, in the Alternative, to Compel Plaintiffs to Respond to Defendant's Outstanding Discovery Requests, to Extend Dates in the Scheduling Order by a Period of Ninety Days, and for Sanctions Under Fed. R. Civ. P. 37(a), 37(a)(5)(A), and 16(b)(4) [dkt 59]**.** The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

The facts of this case are well-established in the Court's prior Orders. Plaintiff Exclusive Events & Accommodations, LLC ("Exclusive") is an entertainment tour support service that arranges travel accommodations for its various clients. Exclusive is owned and operated by Plaintiff Ruth Jarrett-Cooper ("Jarrett-Cooper"). Among Exclusive's clients are: Plaintiff Katrina Taylor ("Taylor"), a songwriter, and members of her support staff, Plaintiffs Byron Trice ("Trice") and Delicia Jackson ("Jackson"); and Plaintiff Angela Barrow ("Barrow"), a playwright and owner and operator of Plaintiff Urban Plays, L.L.C. ("Urban").

Plaintiffs claim that Exclusive purchased airline tickets from Defendant United Air Lines for Trice, Jackson, and Urban. Plaintiffs claim that, although they received email confirmation from Defendant, the tickets purchased on their behalf by Exclusive were cancelled by Defendant for suspected credit card fraud, without Defendant notifying Plaintiffs.

### B. PROCEDURAL BACKGROUND

Plaintiffs filed suit in Oakland County Circuit Court claiming damages as a result of Defendant's alleged improper, unilateral, and undisclosed cancellation of the tickets booked for Trice, Jackson, and Urban. Plaintiffs also seek injunctive relief to prevent the alleged cancellations without cause or notice from continuing in the future. Defendant timely removed the case to this Court.

Plaintiff then vigorously disputed the removal and the Court's jurisdiction over this case. On September 1, 2011, Plaintiffs' filed a Motion to Remand, which the Court denied. Plaintiffs' then filed contemporaneous Motions for Reconsideration and for Relief from Judgment on February 9, 2012, both of which regarded Plaintiffs' denied Motion to Remand. The Court denied Plaintiffs' Motions for Reconsideration and Relief from Judgment. Plaintiffs filed a Motion on March 15, 2012, seeking to

voluntarily dismiss this case so as to pursue separate actions in state court. The Court denied the motion. On April 25, 2012, Plaintiffs filed a motion seeking the Court's reconsideration of its order denying voluntary dismissal. The Court denied the motion. Plaintiffs then appealed to the Sixth Circuit Court of Appeals, requesting that the Court of Appeals issue a writ of mandamus requiring this Court to remand this case to state court, or grant Plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P. 41. The Sixth Circuit denied Plaintiffs' request.

**C. DISCOVERY DISPUTES**

The instant Motion regards several discovery disputes between the parties. On February 22, 2012, Defendant sent its first interrogatories and requests for production of documents to Plaintiffs. Defendant served this written discovery on Plaintiffs before the Court held the March 27, 2012, Scheduling Conference, in accordance with the Court's February 1, 2012, Notice of Scheduling Conference, which states, "[C]ounsel are instructed to commence significant discovery prior to the conference." *See* Dkt. 20 at 2.

Although Plaintiffs' responses were due March 26, 2012, Plaintiffs did not provide their responses. On April 18, 2012, Defendant filed a Motion to Compel Discovery Responses, requesting an order from the Court requiring all Plaintiffs to respond to Defendant's discovery requests. Plaintiffs' Counsel asserted that he believed that discovery was stayed because he had filed several different motions that, if granted, would remand the case back to the Oakland County Circuit Court.

Defendant also asserts that Plaintiffs failed to file their Rule 26(a) initial disclosures and on April 24, 2012, accordingly filed its Motion to Compel Plaintiffs' Rule 26(a) initial disclosures. Additionally, Defendant states that Plaintiffs also refused to make themselves available for deposition pursuant to Fed. R. Civ. P. 30; in response, United filed its Motion to Compel Plaintiffs' Depositions on May 14, 2012. Based on Plaintiffs' failure to cooperate, Defendant also filed a motion for sanctions.

In its various motions, Defendant's Counsel asserts that he made numerous requests by email, regular mail, and telephone to Plaintiffs' attorney, asking Plaintiffs and their counsel to cooperate in the discovery process by providing responses to Defendant's discovery requests, by providing Defendant with Plaintiffs' Rule 26(a) initial disclosures, and by providing suggested deposition dates for their depositions. According to Defendant, neither Plaintiffs nor their counsel ever responded to these inquiries. Plaintiffs have not rebutted these assertions.

On or about June 6, 2012, Magistrate Judge Whalen entered an order (the "Order") granting Defendant's motions to compel and requiring Plaintiffs to: (1) provide Defendant with Plaintiffs' Rule 26(a) initial disclosures within seven days of the order; (2) provide responses to Defendant's discovery requests within twenty-one days of the order; and (3) make themselves available for the taking of their depositions. The Order also required Plaintiffs' counsel to pay sanctions to Defendant in the amount of $2,000.00.

Defendant then brought the instant Motion, alleging that Plaintiffs failed to comply with the Court's June 6, 2012, Order in the following ways:

1. Other than Jarrett-Cooper, Plaintiffs have not responded to Defendant's discovery requests;

2. Although Plaintiff Jarrett-Cooper did respond to the discovery requests, her responses violated the Order because they are "woefully inadequate" and largely unresponsive to Defendant's inquiries; and

3. On or about June 13, 2012, Defendant served its second set of interrogatories on all Plaintiffs and responses were due on or before July 11, 2012. Plaintiffs have all failed to respond in any way to Defendant's second set of interrogatories.

In its Motion, Defendant seeks dismissal of Plaintiffs' claims with prejudice and an award of the costs and fees Defendant has incurred in defending against Plaintiffs' claims. In the alternative, Defendant asks the Court to order Plaintiffs to respond immediately to all of Defendant's outstanding

4

discovery requests, to extend all dates in the scheduling order for a period of ninety days, and to award Defendant its costs and fees incurred in bringing this Motion.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). A district court may also sanction a party, including the dismissal of the party's claims, for failure to attend a deposition or to respond to discovery requests pursuant to Fed. R. Civ. P. 37(d) if the "the record demonstrates delay or contumacious conduct." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). An order of the district court dismissing an action under Fed. R. Civ. P. 37(b)(2) and 37(d) for willful failure to cooperate in discovery is reviewed under an abuse of discretion standard. *N.H.L. v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Dismissal is an appropriate sanction where a party's failure to cooperate with the court's discovery orders is due to willfulness. *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir. 1954). The Sixth Circuit has found that a district court's dismissal of a plaintiff's complaint as the first and only sanction for discovery abuses does not constitute an abuse of discretion. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368–69 (6th Cir. 1997); *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992).

Additionally, Fed. R. Civ. P. 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). When reviewing a dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, the Sixth Circuit "appl[ies] the abuse-of-discretion standard." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

### IV. ANALYSIS

**A. MOTION TO DISMISS UNDER RULE 37(B)(2), 37(D), AND 41(B)**

Defendant argues that Plaintiffs' complaint should be dismissed based on Plaintiffs' failures to engage in discovery, failure to abide by the Court's Orders, and failure to prosecute.

Plaintiffs state that dismissal is not appropriate because any failure to respond to Defendant's discovery requests was due to Plaintiffs' counsel's (mistaken) belief that discovery was stayed by the motions Plaintiffs filed seeking to evade the Court's jurisdiction. Plaintiffs also argue that once Jarrett-Cooper did respond, her responses were adequate. With respect to Plaintiffs Trice, Jackson, Urban, and Barrow, Plaintiffs' counsel has no explanation for why they have failed to respond to Defendant's requests. Plaintiffs' counsel states that he has lost contact with Trice, Jackson, Urban, and Barrow, and that he previously filed a motion to withdraw as their attorney.

The Court will first address dismissal as to Trice, Jackson, Urban, and Barrow, before subsequently turning to Jarrett-Cooper and Exclusive.

*1. Plaintiffs Trice, Jackson, Urban, and Barrow*

The Court finds that Plaintiffs Trice, Jackson, Barrow, and Urban have failed to abide by the Court's previous Orders, failed to engage in discovery, and otherwise have failed to prosecute this case. As noted, the only grounds presented by Plaintiffs' counsel for these Plaintiffs' failure to respond to discovery requests is that Plaintiffs' counsel is unable to reach these Plaintiffs. According to Plaintiffs' counsel:

> should the court consider the defendant's instant motion for dismissal of the claims filed by those Plaintiffs who have not responded to their attorney, then dismissal of their claims should be without prejudice. They have not expressly abandoned their claims, and their failure to respond to their attorney's efforts to communicate with them is unexplained. They should not have their claims dismissed with prejudice without being heard from by the court. Their attorney is unable to speak on their behalf by virtue of the apparent breakdown in the attorney-client relationship.

This is unavailing to the Court. Plaintiffs' counsel provides no authority, legal or otherwise, to support

6

the contention that these Plaintiffs' failure to comply with the Court's Orders, failure to participate in discovery, and failure to even communicate with their attorney amounts to anything but a failure to prosecute. The claims of Plaintiffs Jackson, Trice, Urban, and Barrow shall therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(c), 37(d) and 41(b).

### 2. Plaintiff Exclusive

Defendant argues that Exclusive's claims in this case should be dismissed for its failure to respond to Plaintiff's discovery requests. Plaintiffs contend that Exclusive Events should be excused from its violation of the Court's Order Granting Motions to Compel because Plaintiffs' counsel and Jarrett-Cooper "erroneously believed the separate discovery requests were identical" and that, because Jarrett-Cooper is the owner and operator of Exclusive, her responses sufficed to satisfy the discovery obligations of both herself and Exclusive. *See* Dkt. 65 at 3. Plaintiffs' counsel and Jarrett-Cooper claim that they did not notice that the separate discovery requests sent to Jarrett-Cooper and Exclusive were slightly different, the latter containing one additional question. Plaintiffs' counsel later sought to correct the error by submitting Exclusive's responses.

Plaintiffs' counsel's explanation is questionable, at best, especially in light of him having had 30 years of trial experience. Although Plaintiffs' counsel should undoubtedly know the necessity of reading documents in their entirety, the Court will not allow his oversight to prejudice Exclusive's claims in this case. As such the Court will deny Defendant's motion to the extent that it seeks dismissal of Exclusive's claims.

### 3. Plaintiff Jarrett-Cooper

Defendant asserts that Jarrett-Cooper failed to comply with the Court's Order compelling discovery by: (1) submitting "woefully inadequate and improper" answers to interrogatories and requests for production of documents; (2) failing to respond to the amicable requests of Defendant's

counsel; (3) refusing to amend or supplement her inadequate answers in any way; (4) failing to make herself available for depositions; and (5) serving incomplete Rule 26(a) initial disclosures. Plaintiffs claim that Jarrett-Cooper has adequately responded to the discovery requests and that her deposition was in fact scheduled, only to be cancelled later by Defendant. Although several of Jarrett-Cooper's discovery responses appear inadequate, as discussed below, the Court finds that dismissing her claims is not the proper course of action at this time. The Court will attribute the deficient discovery responses to Plaintiffs' counsel, and again will not allow Jarrett-Cooper to suffer on account of her attorney's failures. Accordingly, the Court shall deny Defendant's Motion to the extent that it seeks to dismiss Jarrett-Cooper's claims.

*4. Conclusion*

Having found that Plaintiffs' Complaint as to Defendants Trice, Jackson, Barrow, and Urban shall be dismissed, the Court will address the alternative requests in Defendant's Motion—those seeking an extension of the scheduling order dates, sanctions, and to compel Plaintiffs to respond to all outstanding discovery requests.

**B. DEFENDANT'S MOTION TO COMPEL**

Defendant asks the Court to compel Jarrett-Cooper to supplement her discovery responses to Defendant's first set of requests for documents by specifically identifying which documents are responsive to which request. Defendant asserts that in response to its several requests for documents, Plaintiffs essentially provided a single mass of documents "regurgitated into a banker's box with no categorization, [and] no labeling." *See* Dkt. 81 at 6. Plaintiffs contend that the responses are adequate. The Court's review of the responses shows that at least several of Jarrett-Cooper's responses are inadequate and show Plaintiffs' unwillingness to cooperate in discovery or comply with the Court's June 6, 2012, Order. The Court notes the following examples:

1. Jarrett-Cooper was asked to produce all documents and things referred to or relied upon by Plaintiff in answering Defendant's interrogatories. Jarrett-Cooper simply answered, without explanation, "None."

2. Jarrett-Cooper objected to various requests as being overly broad, unduly burdensome, not reasonably calculated to lead to relevant or admissible evidence and intrusive of work product. Jarrett-Cooper, however, waived all objections to the discovery requests by failing to timely assert such objections. *See Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (6th Cir. 2006) ("Any objections plaintiffs had to interrogatories [or requests for production] propounded by defendants were waived where plaintiffs' responses thereto were untimely, and plaintiffs did not, at any time prior to the deadline for responding, file a motion for a protective order or seek an extension of time in which to respond.").

3. In response to several requests, Jarrett-Cooper simply refers back to the documents produced in response to a previous request. For instance, in response to request #6 she responds that "documents responsive to request for production #6 are included in group 1 of documents." Yet, the Documents produced by Plaintiffs appear to consist of nothing but an unorganized mass of documents.

4. Jarrett-Cooper was asked to produce her tax returns and Exclusive's tax returns for the past six years. As Defendant notes, these documents are relevant given Plaintiffs' claims of lost income. Yet, despite having been served with Defendant's discovery requests months before, Jarrett-Cooper simply answers, again without any explanation, "Unavailable at this time."

Coupled with Plaintiffs' other failures in this case, the frailty of these responses inclines the Court to grant Defendant's Motion to Compel and require the remaining Plaintiffs to provide *full and complete* responses to all outstanding discovery requests and to otherwise fully cooperate in scheduling the deposition of Jarrett-Cooper.

## C. MOTION FOR COSTS

If a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless:

    i. the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    ii. the opposing party's nondisclosure, response, or objection was substantially justified; or

    iii. other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, Defendants made numerous attempts to obtain the discovery prior to filing its motion. There is nothing to indicate that Plaintiffs' repeated deficiencies were substantially justified. Moreover, there are no other circumstances that would render the Court's awarding of costs unjust. In fact, given Plaintiffs' Counsel's refusal to cooperate with Defendant's counsel, and failure to comply with several of the Court's directives, an award of costs to Defendant is wholly just and appropriate. Accordingly, the Court shall award Defendant the costs it incurred in bringing the instant Motion.

## D. DEFENDANT'S MOTION TO EXTEND SCHEDULING ORDER DATES

Defendant argues that because of Plaintiffs' failures to respond to discovery requests in any way and failure to otherwise cooperate in this case, Defendant has been deprived of more than half of the discovery period, and has been unable to take a single deposition. As described above, the only responses that Defendant has received—those of Jarrett-Cooper and Exclusive—are inadequate. Defendant requests that the Court extend all dates in the scheduling order by a period of ninety days. In their response to Defendant's Motion, Plaintiffs neither presented opposing argumentation, nor did they even address the portion of Defendant's Motion seeking the extension. As such, in the interests of providing Defendant with adequate time to complete discovery, the Court shall grant Defendant's Motion to the extent that it seeks an extension of the Scheduling Order dates.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiffs' Motion to Dismiss [dkt 59] is GRANTED in part and DENIED in part as follows:

IT IS ORDERED that Plaintiffs' claims as to Trice, Jackson, Urban, and Barrow are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiffs Jarrett-Cooper and Exclusive shall fully and accurately respond to all of Defendant's outstanding discovery requests within 14 days of entry of this Order;

IT IS FURTHER ORDERED that Plaintiffs shall cooperate fully in scheduling all appropriate depositions at a time mutually agreed upon by the parties;

IT IS FURTHER ORDERED that Plaintiffs shall be required to pay Defendant's reasonable costs in bringing this motion;

IT IS FURTHER ORDERED that any future failure by Plaintiffs to comply with the Court's orders may result in sanctions, dismissal of this case with prejudice, or both;

IT IS FURTHER ORDERED that the Scheduling Order shall be amended as follows to allow Defendant to engage in full discovery:

|  | **Original Date** | **Extended Date** |
|---|---|---|
| Discovery cut-off: | October 15, 2012 | February 15, 2013 |
| Dispositive Motion Filing Date: | November 5, 2012 | March 15, 2013 |
| Final Pre-Trial Conference: | March 7, 2013 | June 15, 2013 |
| Trial | April 2013 | July 2013 |

IT IS SO ORDERED.

Date: January 11, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE