**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUTH JARRETT-COOPER, *et al.*,

    Plaintiffs,

v.                                        CASE NO.  11-13674
                                            HON. LAWRENCE P. ZATKOFF

UNITED AIRLINES, INC.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' motions for reconsideration [dkt 83]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion for reconsideration is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motions and briefs such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' motions are DENIED.

### II. BACKGROUND

Plaintiffs' motions challenge the Court's January 11, 2013, Order ("Order") in which the Court granted in part and denied in part Defendant's Motion to Dismiss or In the Alternative to Compel Plaintiffs to Respond to Defendant's Outstanding Discovery Requests. In its Order, the Court held that Plaintiffs were to fully and accurately respond to all of Defendant's outstanding discovery requests within 14 days of entry of the Order; that Plaintiffs must cooperate fully in

scheduling all appropriate depositions at a time mutually agreed upon by the parties; that Plaintiffs shall be required to pay Defendant's reasonable costs in bringing this motion; and that any future failure by Plaintiffs to comply with the Court's orders may result in sanctions, dismissal of this case with prejudice, or both.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Plaintiffs' motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Plaintiffs' motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-cv-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). The Court will nevertheless briefly address certain of Plaintiff's claims.

According to the Order, Plaintiffs were required to fully and accurately respond to all of Defendant's outstanding discovery requests within 14 days of entry of that Order and cooperate

fully in scheduling all appropriate depositions at a time mutually agreed upon by the parties. Plaintiffs, however, claim that they are unsure as to the meaning of the Court's Order. The Order is unambiguous. Should Plaintiff continue to be unsure as to what the Court meant by full and accurate responses to all of Defendant's outstanding discovery requests, or full cooperation in scheduling all depositions, then Plaintiff should err on the side of caution to ensure compliance with the Court's Order. The Court, however, reminds Plaintiffs that "any future failure by Plaintiffs to comply with the Court's orders may result in sanctions, dismissal of this case with prejudice, or both." *See* Dkt. 82 at 11.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration [dkt 83] is DENIED.

IT IS SO ORDERED.

Date:   January 30, 2013                                             s/Lawrence P. Zatkoff
                                                                     LAWRENCE P. ZATKOFF
                                                                     UNITED STATES DISTRICT