# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RUTH JARRETT-COOPER, EXCLUSIVE
EVENTS & ACCOMODATIONS, L.L.C.,
BYRON TRICE, DELICIA JACKSON,
URBAN PLAYS LLC, and ANGELA
BARROW

      Plaintiffs,

v.

UNITED AIR LINES, INC.,

      Defendant.
_____/

Case No. 11-13674
Hon. Lawrence P. Zatkoff

## ORDER

      This matter is before the Court on Defendant's Motion for Sanctions [dkt 41]. Plaintiffs have not responded to Defendant's Motion and the deadline by which to do so has lapsed. The Court finds that the facts and legal arguments are adequately presented in Defendant's papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion for Sanctions is DENIED.

## I. BACKGROUND

      The facts of this case are well-established in the Court's prior Orders. Plaintiffs filed suit in Oakland County Circuit Court claiming damages as a result of Defendant's alleged improper and undisclosed cancellation of airline tickets booked by Plaintiffs. Plaintiffs also sought injunctive relief to prevent the alleged cancellations without cause or notice from continuing in the future. Defendant eventually removed the case to this Court.

      Plaintiffs vigorously disputed the removal and the Court's jurisdiction over this case. Plaintiffs

filed a number of motions seeking to remand the case to state court. The Court denied these motions. Plaintiffs then appealed to the Sixth Circuit Court of Appeals, requesting that the Court of Appeals issue a writ of mandamus requiring this Court to remand the case to state court, or grant Plaintiffs' previously-denied motion for voluntary dismissal. The Sixth Circuit denied Plaintiffs' request.

Defendants filed this Motion seeking sanctions against Plaintiffs, claiming impropriety by Plaintiffs for seeking to evade the Court's jurisdiction. Defendant also claims that Plaintiffs failed to cooperate in discovery by refusing to make initial disclosures or respond to any written discovery requests. Defendant seeks to recover its costs in responding to purportedly unreasonable and vexatious motion practice by Plaintiffs, and for being forced to file motions to compel as a result of Plaintiffs' failure to cooperate in discovery.

## II. LEGAL STANDARD

Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C.A. §1927. The Court reviews litigation conduct for "unreasonable and vexatious multiplication of litigation despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

## III. ANALYSIS

Defendant argues that Plaintiff unreasonably and vexatiously multiplied the proceedings in this case by first filing several motions seeking to avoid litigating in this Court, and then by failing to cooperate in discovery.

### A. MOTION PRACTICE

Plaintiffs filed suit in Oakland County Circuit Court and Defendant timely removed the case to

2

this Court. Plaintiff then vigorously disputed the removal and the Court's jurisdiction over this case.

On September 1, 2011, Plaintiffs' filed a Motion to Remand, which the Court denied. Plaintiffs then filed contemporaneous Motions for Reconsideration and for Relief from Judgment on February 9, 2012, both of which regarded Plaintiffs' denied Motion to Remand. The Court denied both Motions.

Plaintiffs filed a Motion on March 15, 2012, seeking to voluntarily dismiss this case so as to pursue separate actions in state court. The Court denied the motion.

On April 25, 2012, Plaintiffs filed a motion seeking the Court's reconsideration of its order denying voluntary dismissal. The Court denied the motion.

Plaintiffs then appealed to the Sixth Circuit Court of Appeals, requesting that the Court of Appeals issue a writ of mandamus requiring this Court to remand this case to state court, or grant Plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P. 41. The Sixth Circuit denied Plaintiffs' request.

Although Plaintiff's motions regarding the jurisdictional issue were of questionable merit, the Court finds that they did not rise to the level of being unreasonable, vexatious, or frivolous. While Plaintiff's counsel could have quite reasonably inferred the Court's position on the jurisdictional issue upon the first or second Order regarding that issue, his subsequent motions all had independent legal bases—at least superficially. While Plaintiff's counsel could have conserved considerable resources for himself, opposing counsel, and the Court, his actions could nevertheless be seen as "zealous advocacy" on behalf of his client. Therefore, while Plaintiff's counsel's actions as a whole in this case have not gone unnoticed, the Court finds that on this particular issue, sanctions are not warranted.

**B. DISCOVERY SANCTIONS**

Defendant also claims that sanctions are warranted for Plaintiffs' failure to cooperate in discovery. Plaintiffs' counsel, however, has already been sanctioned in this regard. Plaintiff's counsel

3


was sanctioned $2,000 by Magistrate Judge Whalen[1] and by the undersigned in an amount that shall be determined upon the Court's consideration of Defendant's counsel's bill of costs and associated briefing.[2] As such, no further sanctions shall be imposed, though the Court will, of course, be mindful of any further conduct warranting sanctions.

### IV.  CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendant's Motion for Sanctions [dkt 41] is DENIED.

IT IS SO ORDERED.

Date:	March 21, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE

---

[1] On June 6, 2012, Magistrate Judge Whalen entered an order granting Defendant's motions to compel and requiring Plaintiffs to: (1) provide Defendant with Plaintiffs' Rule 26(a) initial disclosures within seven days of the order; (2) provide responses to Defendant's discovery requests within twenty-one days of the order; and (3) make themselves available for the taking of their depositions. The Order also required Plaintiffs' counsel to pay sanctions to Defendant in the amount of $2,000.00. See Dkt. 53.

[2] On January 11, 2013, the Court entered an Order granting Defendant's Motion for Sanctions The Court See Dkt. 82.  Defendant submitted a Bill of Costs to the Court to determine the specific amount of the sanctions, to which Plaintiffs responded.