UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH JARRETT-COOPER and EXCLUSIVE
EVENTS & ACCOMODATIONS, L.L.C.,

    Plaintiffs,

                                                                                          Case No. 11-13674
v.                                                                          Hon. Lawrence P. Zatkoff

UNITED AIR LINES, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 2, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Currently pending before the Court are Plaintiffs' Motions to Extend Time within which to File Motion to Review the Clerk's Action [dkts 152, 154][1] and Plaintiffs' Motion for Review of Clerk's Taxation of Costs [dkt 156]. Defendant has responded to each motion. Also pending before the Court is Defendant's request for costs reasonably incurred in bringing its Motion to Dismiss under FRCP 37(b)(2), 37(d), and 41(b) or, in the alternative, to compel Plaintiffs to respond to Defendant's outstanding discovery requests [dkt 93]. This relates to the Court's Order granting Defendant's motion for sanctions [dkt 82]. Plaintiffs have filed objections to Defendant's requests [dkt 94], to which Defendant has responded [dkt 96].[2] The Court finds that

---

[1] The Court notes that the persuasive value of Plaintiffs' motions for extension of time is suspect. Nonetheless, in the interest of justice the Court will GRANT Plaintiffs' motions for extension so as to consider their motion for Review of Clerk's Taxation of Costs.

[2] Defendant's response to Plaintiffs' objections contains a revised "Bill of Costs" with an updated calculation of the costs Defendant reasonably incurred in bringing its Motion to Dismiss under FRCP 37(b)(2), 37(d), and 41(b) or, in the alternative, to compel Plaintiffs to respond to Defendant's outstanding discovery requests. The Court will refer to this updated version as Defendant's "Revised Bill of Costs".

the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the issues be resolved on the briefs submitted. For the following reasons, Defendant's Revised Bill of Costs is GRANTED IN PART and DENIED IN PART, while Plaintiffs' Motion for Review of Clerk's Taxation of Costs is DENIED.

## II. BACKGROUND

On January 11, 2013, this Court ruled that Plaintiffs Exclusive Events & Accommodations, LLC, and Ruth Jarrett-Cooper ("Plaintiffs") were required to pay the reasonable costs Defendant United Air Lines ("Defendant") incurred in bringing its Motion to Dismiss under FRCP 37(b)(2), 37(d), and 41(b) or, in the alternative, to compel Plaintiffs to respond to Defendant's outstanding discovery requests (the "Motion"). In doing so, the Court found that an award of reasonable costs to Defendant was "wholly just and appropriate," given Plaintiffs' Counsel's "refusal to cooperate with Defendant's counsel, and failure to comply with several of the Court's directives. . . ." Dkt. # 82, p. 10. Defendant subsequently submitted a Bill of Cost requesting the Court to require Plaintiff to pay $15,449.50. Plaintiffs' objected that these costs were "outrageously excessive," and Defendant responded to Plaintiffs' objections. Attached as an exhibit to Defendant's response was a Revised Bill of Costs, this time requesting the Court to require Plaintiff to pay $16,542.50.

On November 20, 2013, the Court granted Defendant's motion for summary judgment [dkt 146]. That same day, the Court entered judgment in favor of Defendant and dismissed the case with prejudice [dkt 147]. Shortly thereafter, Defendant requested the Clerk grant $2,044.35 in costs [dkt 150]. The same day, the Clerk awarded $1,459.20 in costs, finding that several of

the fees Defendant requested were not taxable [dkt 151].

### III. LEGAL STANDARD

#### A. AWARD OF REASONABLE COSTS/ATTORNEY FEES

In calculating reasonable attorney fees, federal courts use the "lodestar" approach, which entails the following:

> A starting point is to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained." This involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"

*Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)). Additionally, "[a] district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne*, 36 F.3d at 533.

#### B. REVIEW OF CLERK'S TAXATION OF COSTS

Rule 54(d) of the Federal Rules of Civil Procedure governs the taxation of costs, providing that costs other than attorney's fees should be allowed to the prevailing party. Pursuant to Rule 54(d), the Sixth Circuit has long held that the "prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (internal citations omitted).

### IV. ANALYSIS

#### A. AWARD OF REASONABLE COSTS/ATTORNEY FEES

Plaintiffs assert that the number of hours and type of actions Defendant has outlined in its

Revised Bill of Costs[3] are indefensible and should be rejected by this Court. Specifically, Plaintiffs allege there is no discernible billing rate contained in Defendant's Bill of Cost, that the rates suggested by the total amount owed are overly excessive, and that the descriptions of work done provided by Defendant's attorneys are "replete with exaggerations. . . clearly inflated . . . and misrepresentations of fact." Further, Plaintiff alleges that the requested costs attempt to recover costs for work done on portions of the Motion that do not pertain to the current Plaintiffs. Finally, Plaintiff claims that, as Defendant did not universally prevail in the Motion, it should not recover all of its costs incurred in bringing the motion.

Defendant asserts that its Revised Bill of Costs accurately reflects the amount—and type—of work done in preparing the Motion. Further, Defendant argues Plaintiffs' calculations failed to recognize that more than one attorney worked on behalf of Defendant in preparing the Motion, and that the work done by all of Defendant's attorneys with regards to the Motion was diligently recorded and entirely reasonable.

The Court finds Defendant's argument persuasive. First, Plaintiffs' attorney's anecdotal evidence regarding the reasonable rate attorneys of the caliber employed by Defendant should charge is completely devoid of any substantive support. It is clear to the Court that Plaintiffs did not recognize the possibility that more than one attorney contributed in preparing the Motion on behalf of Defendant. Taking this additional attorney into consideration, the Court finds that the rates[4] Defendant's attorneys have used to calculate Defendants Revised Bill of Costs appear perfectly reasonable.

Additionally, Plaintiffs' attempts to depict Defendant's attorney's actions as deceptive,

---

[3] Although Plaintiffs did not directly object to the Revised Bill of Costs, the Court finds that the original Bill of Costs and Revised Bill of Costs are so similar that Plaintiffs' objections may be applied to both.

[4] Attorney Scott Torpey, a partner at Jaffe Rait Heuer & Weiss with 28 years of experience, has a billing rate of $325.00 per hour in this case. Attorney William Adams, also a partner at Jaffe Reit Heuer & Weiss with 17 years of legal experience, has a billing rate of $295.00 per hour in this case.

"greedy" or otherwise nefarious are not convincing. Plaintiffs' empty accusations regarding the amount of time Defendant's counsel alleges to have spent analyzing, preparing, and drafting the Motion and related documents strikes this Court as akin to asserting Defendant's attorneys did "too much work" on this matter. Such accusations—completely devoid of supporting factual evidence—will not be considered compelling by this Court. Instead, the Court finds the actions of Defendant's attorneys detailed in entries 2–7 of Defendant's Revised Bill of Costs were reasonably undertaken as a result of Plaintiffs' continued refusal to comply with the requests of Defendant and this Court.

Finally, the Court finds Plaintiffs' remaining arguments equally unpersuasive: the Court's findings with regard to former plaintiffs are completely irrelevant to its Order awarding Defendant costs. Likewise, this Court's decision not to dismiss Plaintiffs from the case at the time was not done to create an outlet by which Plaintiffs could escape paying the sanctions this Court justifiably levied against them.

Therefore, for the reasons stated above, the Court finds that the amounts contained in entries 2–8 of Defendant's Revised Bill of Costs are reasonable. The Court finds, though, that the amount requested in the first entry of Defendant's Revised Bill of Costs—seeking fees associated with reviewing and analyzing Plaintiffs' discovery documents—is redundant, as it is adequately reflected in the costs awarded in the second entry of Defendant's Revised Bill of Costs. Therefore, the Court finds that Defendant is not entitled to the costs contained in entry one of its Revised Bill of Costs. The Court further finds that Defendant is entitled to $15,039.00, or all the costs contained in entries 2 – 8 of Defendant's Revised Bill of Costs.

### B. REVIEW OF CLERK'S TAXATION OF COSTS

Plaintiffs argue the Court should disregard the Clerk's taxation assessment and award

Defendant no costs, claiming such an award imposes an "extreme financial burden" on Plaintiffs. Plaintiffs also argue that, should the Court find some costs are warranted, Defendant's $350.00 filing fee should not be awarded, as it was an elective cost incurred by Defendant when it chose to remove the case to federal court.

The Court is not persuaded. Indeed, the Court finds Plaintiffs' argument regarding extreme financial burden—in which Plaintiffs attempt to liken their situation to that of a person facing life-threatening illness—completely inappropriate and illogical. Plaintiffs have provided absolutely no evidence whatsoever of the dire financial straits to which they allude. Further, as Defendant correctly argues, the Bill of Costs Handbook for the Eastern District of Michigan clearly indicates that filing fees for removal filed in federal court are considered taxable fees.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Revised Bill of Costs [dkt 96] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff is required to pay Defendant $15,039.00 for costs reasonably incurred in bringing its Motion to Dismiss under FRCP 37(b)(2), 37(d), and 41(b) or, in the alternative, to compel Plaintiffs to respond to Defendant's outstanding discovery requests [dkt 59].

IT IS FURTHER ORDERED that Plaintiffs' Motion for Review of Clerk's Taxation of Costs [dkt 156] is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff  
                                              HON. LAWRENCE P. ZATKOFF  
                                              U.S. DISTRICT COURT

Date: May 2, 2014